FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

MAY 23 2016

KIM HENRY, COURT CLERK

## IN THE DISTRICT COURT FOR ROGERS COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CARL PARSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2016-198 |
| DON FARLEY, | ) |
| Defendant. | ) |

### ORDER TO SEAL A PORTION OF THE RECORD WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes upon Application to File Under Seal Certain Documents pursuant to a request by the Plaintiff under 51 O.S. § 24A.30 and having reviewed the Application, the Petition and the Exhibit 1 that is attached to the Petition the Court finds as follows:

*Findings of Fact*

1. Plaintiff has prepared a Petition to file in Rogers County District Court wherein he alleges Defendant, Don Farley, sent a letter ("Letter") to the Inola Chamber of Commerce wherein Defendant made libelous and defamatory statements.

2. The Letter on its face clearly mentions the name of Plaintiff and was intended to refer to the Plaintiff with words that taken in their natural meanings would be understood by those to whom the words were directed to be defamatory by themselves that tend to deprive the Plaintiff of public confidence or injures him in his business as he is alleged to be member of the chamber of commerce to whom the Letter was addressed.

3. The words published in the Letter do tend to concern a compelling privacy interest without resort to extrinsic information.



EXHIBIT A

*Conclusions of Law*

4. Pursuant to 51 O.S. § 24A.30 this Court has the authority to seal a record or portion of a record where a compelling privacy interest exists which outweighs the public's interest in the record.

5. Section 24A.30 also provides that the Court is to use the least restrictive means for achieving confidentiality and be narrowly tailored so that only the portions of the record subject to confidentiality are sealed and the remainder of the record is kept open.

6. The Oklahoma Supreme Court in *Wimmer v. Oklahoma Pub.Co.*, 1931 OK 512 explained that the term *per se* means by itself; simply as such; in its own nature; and in connection with libel, the term is applied to words which are actionable because they of themselves, without anything more, are opprobrious and that the publication on its face shows that the derogatory statements, taken as a whole refer to the plaintiff. In order to be libelous the words by themselves must tend to lower him in the opinion of men whose standard of opinion the court can properly recognize or tend to induce them to entertain an ill opinion of him. *Id.* at ¶0

7. The *Wimmer* Court explained, "As to whether the article herein is libelous per se, we must consider in our determination only the thought, idea, impression, or opinion conveyed to the reader of the same. If the article, when so considered, engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt, obloquy, it is libelous per se. [citations omitted]"The publication cannot be measured by its effect when subjected to the critical analysis of a legal mind; it must be measured by its natural and probable effect upon the mind of the average lay reader."

8. The Court has reviewed the Letter that was published and finds that the Letter does contain words that without hearing on the merits tend to be actionable by themselves or are opprobrious and that the Letter clearly refers to the Plaintiff and *allegations that it* was published and sent to the Inola Chamber of Commerce by the Defendant.

9. The Plaintiff proposes to file a Petition upon the cause of action of libel and invasion of privacy such that the words published in the Letter *may* support the action.

10. However, as Plaintiff notes additional publication by filing in the public record of the Letter and the words contained therein would only serve to further harm the Plaintiff's right to privacy and that an order can be narrowly tailored such as a protective order to keep that portion of the record sealed and prevent irreparable harm to the Plaintiff by unnecessary republication of the Letter or its contents or portions of its contents, until such time as the matter can be heard on its merits or further order of this Court.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that the Exhibit 1 identified and attached to the Petition is to be filed under seal pursuant to 51 O.S. § 24A.30.

**IT IS FURTHER ORDERED, ADJUDGE AND DECREED** that the Rogers County Court Clerk is directed to seal Exhibit 1 to the Petition in this case, that the Petition shall not be filed under seal; and that the Rogers County Court Clerk shall file under seal any Answer or Responsive Pleading to this case unless and until this Court orders or directs otherwise.

DATED: 5-23-2016

_____
THE JUDGE OF THE DISTRICT COURT