


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

CARL PARSON,

    Plaintiff,

v.

DON FARLEY,

    Defendant.

Case No. 16-cv-423-JED-TLW

Judge John E. Dowdell

## REPLY OF EUGENE VOLOKH IN SUPPORT OF MOTION TO INTERVENE AND TO UNSEAL RECORD

Civil justice is a public process in America. Disputes are litigated in open court, and claims and conclusions are accessible to citizens and to the media. That is as true in libel and invasion of privacy cases as it is in any other case, and it is particularly true in such cases brought by candidates for elected office.

This principle of open justice applies even when libel or false light plaintiffs claim—as they almost always must—that the defendant's statements are false and damaging. The public cannot be denied access to the substance of a case simply because the plaintiffs think they can prove libel. And the plaintiff in this case has not identified any justification that would overcome the strong presumption of access.

### I. The motion is timely.

There is "nothing improper in allowing intervention to challenge a protective order still in effect, regardless of the status of the underlying suit." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). In *United Nuclear*, the Tenth

1

Circuit granted intervention three years after the case settled, reasoning: "The most important aspect of this case is that intervention was not on the merits, but for the sole purpose of challenging a protective order." *Id.* That logic applies to the facts in this sealing case as well as in a protective order case—Volokh does not want to intervene to litigate the merits, but simply wants access to information, as did the intervenors in *United Nuclear*. As *United Nuclear* illustrates, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1101 (9th Cir. 1999).

Indeed, the case for intervention is even clearer here than in *United Nuclear*. Unlike the intervenors in *United Nuclear*, Volokh seeks access to information that is docketed and in this Court's possession, not in the possession of the parties. He seeks access while this case is still pending, not years after resolution. And he seeks access as a member of the media, not as a litigant in a peripherally related lawsuit.

Members of the media routinely learn of cases, and the newsworthy information in those cases, long after a lawsuit has been filed. Precisely because they lack a personal stake in the underlying lawsuit, they are often unaware of the case until they stumble across it as they research other projects or as they get tips from citizens. The law lets the media (and other researchers and commentators) follow up on such discoveries, in part through permissive intervention, which provides the press an opportunity to assert its right to access information that is normally required to be public. *See, e.g., San Jose Mercury News*, 187 F.3d at 1101; *Public Citizen v. Liggett Group,*

*Inc.*, 858 F.2d 775, 784-87 (1st Cir. 1988) (allowing public interest group to intervene to access records even when the request was filed after the judgment was final); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994) (likewise, as to similar request by media).

## II. Volokh's interests are not adequately represented by the defendant

The burden for demonstrating inadequate representation, and thus justifying intervention, is "the 'minimal' one of showing that representation 'may' be inadequate." *Sanguine Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 420, 438 (1972)). Volokh satisfies this requirement, because his interests in public access diverge from those of the defendant, who is focused primarily on defending the lawsuit.

Representation is adequate "when the objective of the applicant for intervention is identical to that of one of the parties," *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986), and that is not true here. Volokh's primary objective is to review the record so he may better understand and write about how courts deal with libel claims. The defendant's primary objective is, presumably, avoiding liability.

Investing effort in getting the case unsealed is not in the defendant's interest: Unlike Volokh, the defendant already has access to the Letter; he does not need to unseal it to understand the case, and he does "not have the same incentive to spen[d] time and resources securing access . . . for the general public and the media." *Angilau v. United States*, 2017 WL 9496068, at *5 (D. Utah July 27, 2017). The First Amendment arguments that defendant had made (cited in the Plaintiff's Response to Non-

3

Party Volokh's Motion to Intervene and Unseal Record, ECF No. 60 at 7) were supporting defendant's attempt to get the case dismissed, and were not aimed at securing the public's right of access to the case. Indeed, defendant did not challenge the plaintiff's motion to seal, and asked this Court's permission to file his responsive pleading under seal after the case was removed. Defendant's Motion to Seal, ECF No. 7.

"[C]ourts have employed a relaxed Rule 24 analysis where a non-party pursues intervention for the limited purpose of seeking access to judicial documents or proceedings, but is not seeking to litigate a claim on the merits." *Angilau*, 2017 WL 9496068, at *2. Media intervenors in *Angilau* satisfied the minimal burden for inadequate representation, on the grounds that plaintiffs in that case may have found closure to be "in their best interests strategically," even if contrary to the public's interest in access. *Id.* at *5.

The same is true here. The defendant has a strategic interest in winning the case but gains nothing strategically from unsealing the material (even if he is willing to consent to Volokh's investing his own time in trying to get the case unsealed). Volokh's interest is solely in unsealing the material, and he has no interest in defendant's winning his case; Volokh's interest is thus not adequately represented by defendant. And intervention is especially warranted because, as a member of the media who often writes about First Amendment topics, Volokh "may possess special experience and knowledge, with respect to complex right of access issues," and "[t]his is a consideration in determining adequacy of representation." *Id.*

4

### III. The public is entitled access to the record, especially when the case involves a matter of public concern

Civil lawsuits are generally litigated in open court, and court records are therefore public. This presumption of access is even stronger when a case involves a topic of especial public interest, like statements about the character of a two-time candidate for the state legislature.

"[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of public access." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 229, 305 (6th Cir. 2016). "[F]actor[s] which a court should consider in conducting the good cause balancing test" include "whether a party benefitting from the order of confidentiality is a public entity or official" and "whether the case involves issues important to the public," *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3rd Cir. 1994); the same logic applies to seals that benefited would-be public officials. And the Letter is on a quintessential matter of public concern, because it criticizes a political candidate: "[I]t can hardly be doubted that the [First Amendment] constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for public office." *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971).

Because the allegedly libelous statement deals with a matter of public interest, the burden of proving that the statement is false is on the plaintiff, *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986), not on the defendant and certainly not on Volokh. The burden of proving that the statement puts plaintiff in a

5

false light is also on the plaintiff. *Warren v. United States Specialty Sports Ass'n*, 138 P.3d 580, 586 (Okla. Ct. Civ. App. 2006).

The plaintiff asserts that the Letter's allegations are false, or at least convey a false impression. Yet the plaintiff has yet to prove this, and the defendant, who did not move for summary judgment, has yet to try to disprove it. Indeed, the defendant could present at trial evidence—including his own testimony—that may lead a jury to conclude that the statements in the Letter are true and convey an accurate impression. And though the plaintiff argues that Volokh "fails to address the veracity or validity of the Rogers County District Court Order" and does not "proffer . . . evidence" that the statements in the Letter are true,[1] Volokh cannot address the factual accuracy of the allegedly libelous statements when those statements are sealed.

But in any event, public access to court records is the norm regardless of whether the plaintiff's underlying claim is a winner, a loser, or not yet resolved. In any such situation, "it is the burden of the party requesting sealing to show why the parties' privacy interests outweigh the public's interest in access to judicial records." *United States v. Camick*, 796 F.3d 1206, 1225 n.5 (10th Cir. 2015). A bare conclusion that the statement would be actionable if the plaintiff's version of the facts is correct, see Order to Seal a Portion of the Record With Findings of Fact and Conclusions of Law, No. CJ-2016-198 (Okla. Dist. Ct., Rogers Cnty. May 23, 2016), ECF No. 60-1, at ¶ 8, can-

---

[1] Plaintiff's Response to Non-Party Volokh's Motion to Intervene and to Unseal Record, ECF No. 60, at 9, 10.

6

not suffice to overcome this public right of access: Volokh does not need to demonstrate the truth of the allegedly libelous or false-light-creating material in order to access that material in the court record, especially when the material is at the heart of the lawsuit. The American legal system is one of public dispute resolution, regardless of whether the case involves a defamation claim, an invasion of privacy claim, or any other tort claim.

"Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern. Conversely, a sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Members of the public should be allowed to review the Letter so they may better understand and have confidence in the jury's eventual decision, as well as in court decisions that have come before the verdict.

This is not a purely private dispute; the plaintiff was a candidate for public office, but he still convinced a state judge to hide information about him from public view. That is improper. Members of the public have a right to know what leads a political candidate to sue a private citizen over commentary published during the campaign. And when such a lawsuit is filed, members of the public are entitled to monitor and to examine how courts decide libel lawsuits based on political campaign speech.

For these reasons, and for those articulated in Volokh's motion, the record must be unsealed—even though, understandably, the plaintiff may prefer that it not become public. "[T]he personal desire of witnesses to be protected against the disclosure of information relevant to judicial proceedings 'cannot be accommodated by the courts without seriously undermining the tradition of an open justice system.'" *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 639 (D. Colo. 2010) (citation omitted).

## Conclusion

Public confidence in the judiciary rests on the right of access to court proceedings and records. This right of access applies to libel and false light invasion of privacy lawsuits as well as to any other lawsuits. And it applies regardless of whether the court or the jury believes the plaintiff is correct.

Public access is a core feature of this country's legal system, one that plaintiffs must accept if they want to seek relief—even when the publicity might come with a regrettable reputational or economic cost. The Letter should be unsealed so that the public may examine the political speech that led a candidate for public office to file a libel lawsuit, and so that the public may better monitor how the legal system is handling the lawsuit.

Respectfully submitted,

/s/ Eugene Volokh
_____
Eugene Volokh, pro se
Scott & Cyan Banister
 First Amendment Clinic
UCLA School of Law
405 Hilgard Ave.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Certificate of Service

I certify that on July 9, 2018, I sent this material by next-day UPS to:

Wilfred K Wright, Jr.
Wright Law
P.O. Box 982
Claremore, OK 74018
(918) 341-1923
Counsel for Plaintiff Carl Parson

William R Higgins
Higgins Law PC
P.O. Box 1267
Claremore, OK 74018
(918) 341-2131
Counsel for Plaintiff Carl Parson

Don Farley
P.O. Box 2423
Sapulpa, OK 74067
(251) 604-1755
Pro Se Defendant

_____
Eugene Volokh, pro se

**Extremely Urgent**

This envelope is for use with the following services: **UPS Next Day Air®**, **UPS Worldwide Express®**, **UPS 2nd Day Air®**

Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Apply shipping documents on this side.**

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Post Marked 7/9/18

7/9/2018

PROFESSOR VOLOKH
3102067410
UCLA SCHOOL OF LAW (LD30 125BA
385 CHARLES E. YOUNG DR., EAST
LOS ANGELES CA 90095

16-CV-423-JED-JFJ

SHIP TO:
CLERK OF COURT
9186994700
U.S. DIST. CT. N. DIST. OF OK
ROOM 411
333 W. 4TH STREET
TULSA OK 74103-3819

OK 741 9-05

UPS NEXT DAY AIR
TRACKING #: 1Z 9E3 339 NT 9885 0803
BILLING: P/P
ATTENTION UPS DRIVER: SHIPPER RELEASE

P: FIVE TAPP - 1003   $.64
1Z9E8339NT9885 0803
JUL 10 18 07:21:49 2018

U S DIST CT N DIST OF OK
333 W 4TH ST
RM 411
TULSA OK 74103-3844

RECEIVED
JUL 10 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

A

100% Recycled fiber
80% Post-Consumer

United Parcel Service.





International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195101  1/15  TG  United Parcel Service